United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CAROLYN S. POE,

Plaintiff,

v.

MICHAEL J. ASTRUE,

Defendant.

_______________________________/

No. C 09-04061 CRB

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a lawsuit seeking review of the Social Security Commissioner's denial of Plaintiff's request for long-term disability benefits ("SSI"). Before the Court are two motions: (1) Plaintiff's Motion for Summary Judgment or Remand, and (2) Defendant's Cross-Motion for Summary Judgment. For the reasons below, the Court DENIES Plaintiff's Motion and GRANTS Defendant's Motion.

## I. BACKGROUND

### A. Plaintiff's Disability Claim

Plaintiff Carolyn Poe ("Poe") filed an application with the Social Security Administration ("SSA") on September 27, 2005 seeking disability insurance benefits and alleging disability since May 19, 2005 due to rheumatoid arthritis, asthma, and anxiety attacks. AR 72, 89. Prior to the time Plaintiff alleges she became unable to work, she had worked as an administrative secretary for approximately 10 years and as a retail assistant manager for approximately 2 years. Id. at 90, 99.

United States District Court
For the Northern District of California

**B. Medical Evidence**

Plaintiff sought treatment on July 27, 2005 at the West Oakland Health Center because she had run out of asthma medication**.** AR 204. A nurse diagnosed Plaintiff with hypertension, asthma, and obesity. Id. On September 19, 2005, Plaintiff returned to the Health Center and requested disability paperwork, but the nurse told Plaintiff they could discuss it during her next scheduled appointment on September 28, 2005. Id. at 205. During the September 28 appointment, Plaintiff reported aching "all over," a burning sensation in her throat, swollen ankles, and an inability to stand due to pain. Id. at 201-02. The nurse diagnosed Plaintiff with hypertension, obesity, and acid reflux disorder. Id. at 200. Plaintiff was prescribed medication and a follow-up appointment was scheduled, but Plaintiff ultimately cancelled the appointment and missed two rescheduled follow-ups. Id. at 198-99.

On December 5, 2005, at SSA's request, Plaintiff saw Mark Pierce, Ph.D. for a psychological examination in relation to her benefits claim. Id. at 150-55. Dr. Pierce concluded that Plaintiff had not participated in the evaluation in good faith, which hampered his ability to accurately determine her intellectual functioning. Id. at 152. Dr. Pierce ultimately assessed Plaintiff as possessing the capacity for medium-demand vocational tasks and the reasoning capacity for medium or higher levels of vocational functioning. Id. at 154.

December 21, 2005, Plaintiff obtained a physical examination from Dr. Feng Bai, M.D., also at the request of SSA. Id. at 157-65. Dr. Bai opined that Plaintiff could carry 10 pounds frequently and 20 pounds occasionally; that she could either stand or sit for up to 6 hours in an 8-hour workday; that she had no manipulative or pushing/pulling limitations; that she was unable to climb, stoop, kneel, or crouch; and that she should alternate sitting and standing, stretch, and change positions after standing or walking for more than one hour. Id. at 162.

In May of 2006, Plaintiff returned to the Health Center, stating that she had been out of her hypertension and asthma medications for more than one week. Id. at 222. The nurse noted that Plaintiff's blood pressure was uncontrolled due to non-adherence to the

United States District Court
For the Northern District of California

medication regime. Id. Plaintiff returned for a scheduled appointment in June 2006, and reported decreased anxiety with medication and no caffeine. Id. at 221. However, the nurse noted that Plaintiff had not taken her hypertension medication that day. Id. Plaintiff returned two weeks later for a blood pressure check, at which time her blood pressure was "uncontrolled." Id. at 220. The nurse recommended Plaintiff remain at the Health Center to normalize her blood pressure, but Plaintiff declined and left untreated. Id.

At a routine appointment in August of 2006, Plaintiff complained of pain in her hands and knees, as well as of anxiety attacks. Id. at 218. The nurse recommended exercise, stress management, reduced salt intake, and counseling. Id. A follow-up appointment was scheduled but Plaintiff did not appear. Id. at 214.

Plaintiff changed health care providers in November of 2006. On November 3, she had an initial appointment at Alameda County Medical Center with Dr. Soong, during which she complained of joint pain and stiffness and related her history of hypertension, asthma, anxiety, and obesity. Id. at 231. Dr. Soong diagnosed her with high blood pressure, joint pain, obesity, GERD, and asthma, and recommended that she lose weight, continue taking Motrin, consult with a nutritionist, avoid foods that trigger gastric reflux, use an inhaler as needed, and return in 1-2 months for a follow-up. Id. at 231-32.

In April of 2007, Plaintiff returned to the Medical Center with a sinus infection. She reported that she felt better overall, that her mood had improved, and that her asthma was stable with use of the albuterol inhaler. Id. at 229. However, Plaintiff had not been taking her hypertension medication, as the prescription had run out one month prior to the appointment. Id. Plaintiff complained of pain in her hand, but x-rays of her hand taken by Dr. Snowden on April 26, 2007 showed the joint spaces to be "well-maintained." Id. at 236. Dr. Snowden directed Plaintiff to continue with her medications and to restart her hypertension medication. Id. at 230. Dr. Snowden also offered Plaintiff a referral to a nutritionist, but she declined. Id. Plaintiff switched to a new hypertension medication, but reported that it made her feel "tingly," so she was placed back on the original medication. Id.

at 227-28. Plaintiff declined a change in medication for depression. Id. She was scheduled for a follow-up in May 2007 but did not appear. Id. at 225.

### C. Adjudication by the ALJ

At Plaintiff's hearing before the ALJ on August 8, 2007, she testified that she was unable to work due to pain and swelling in her joints, which caused her to spend six hours per day lying on her back with her feet elevated. AR 274. The ALJ then elicited the testimony of a vocational expert, who testified that Plaintiff's prior work as an administrative secretary was classified as "sedentary" but performed as "light" level work, while her prior work as an assistant retail store manager was classified as "light" level work but performed as "medium" level work. AR 289-90.

At the hearing, Plaintiff's counsel noted difficulty in obtaining records from Plaintiff's treating physician and requested that the administrative record be left open for Plaintiff to submit additional medical evidence. Id. at 264. The ALJ agreed to leave the record open for 30 days, specifically for Plaintiff to submit a residual functional capacity ("RFC") assessment from her treating physician; however, the ALJ also noted that he would consider any other general medical evidence Plaintiff submitted during the 30 days. Id. at 264. On September 10, 2007, Plaintiff's counsel requested until September 28 to fully develop the record – the ALJ went beyond counsel's request, permitting Plaintiff to submit additional evidence until November 5, 2007. Id. at 17, 23. Plaintiff submitted additional records during the post-hearing period, including x-rays and laboratory tests. Id. at 19.

On December 12, 2007, the ALJ issued a decision denying Plaintiff's claim for disability insurance benefits. Id. at 17-22. The ALJ took notice of the additional records Plaintiff submitted following the hearing, but found their conclusions "unremarkable." Id. at 19. The ALJ based his decision primarily on the examinations performed by Dr. Pierce, Dr. Bai, and State examiners from the Disability Determination Service ("DDS"), as well as his review of Plaintiff's medical records, which revealed she had sought only routine treatment

for asthma, no treatment at all for anxiety, and that there was no corroboration for her diagnosis of arthritis. Id. at 18-19.

### D. Developments following ALJ's decision

On February 2, 2008, Plaintiff requested review of the ALJ's decision, and was again invited to submit additional evidence. Id. at 13. According to Plaintiff, she provided the Appeals Council with records from her treating physician, Dr. Mapara, covering the years 2007-2009. Mem. P. & A. at 2 (dckt. no. 16). On March 6, 2009, the Appeals Council declined to review the ALJ's decision, finding that none of the relevant bases for review applied, including the receipt of new and material evidence. Id. at 7.

After being granted an extension of time to file a civil complaint, Poe commenced this action on May 8, 2009, filing a Complaint in the Alameda Superior Court seeking judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). The case was removed to this Court on September 9, 2009 (dckt. no. 1) and Plaintiff filed her Motion for Summary Judgment or for Remand on November 17, 2010 (dckt. no. 15); in support of the Motion, she filed a Memorandum of Points and Authorities as well as a 2010 report from her treating physician, Dr. Mapara (dckt. no. 16). Defendant filed a cross-Motion for Summary Judgment on December 14, 2010 (dckt. no. 20).

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure where there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). There is no genuine issue of material fact when a party, after adequate time for discovery, "fails to make a showing

**United States District Court**
For the Northern District of California

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 325.

**B. Judicial Review of SSA Determinations**

The Social Security Commissioner's findings of fact are conclusive, so long as they are supported by substantial evidence. 42 U.S.C. § 405(g). Therefore, the Court's scope of review is limited to determining whether the denial of benefits is supported by substantial evidence in the administrative record. Id.; see Flaten v. Sec'y of HHS, 44 F.3d 1453, 1457 (9th Cir. 1997). A district court may overturn a decision to deny benefits only if it is not supported by substantial evidence or if the decision is based on legal error. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallenes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance . . . relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Andrews, 53 F.3d at 1039 (internal citation omitted). Determinations of credibility, resolution of conflicts in medical testimony and all other ambiguities are to be resolved by the ALJ. Id.; Magallenes, 881 F.2d at 750. The decision of the ALJ will be upheld even if the evidence is "susceptible to more than one rational interpretation." Andrews, 53 F.3d at 1040.

In reviewing the SSA's actions, courts are generally "confined to the original record upon which the actions were based." Rybacheck v. EPA, 904 F.2d 1276, 1296 n.25 (9th Cir. 1990). However, the Social Security Act provides a mechanism allowing courts to remand a case to the agency upon a showing of "new evidence which is material . . . and good cause for the failure to incorporate the evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

**C. Standard for Determining Disability**

A person is "disabled" for purposes of receiving Social Security benefits if he or she is unable to engage in a substantially gainful activity due to a physical or mental impairment that has lasted for a continuous period of not less than twelve months. 42 U.S.C. §

United States District Court
For the Northern District of California

423(d)(1)(A). Social Security disability cases are evaluated under a five-step test. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not so engaged, the second step requires the ALJ to determine whether the claimant has a "severe" impairment which significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920 (a)(4)(ii). If the ALJ concludes the claimant does not have a "severe" impairment, the claimant is not "disabled" and the claim is denied. Id. If the claimant does have a "severe" impairment, the third step requires the ALJ to determine whether the impairment meets or equals the criteria of an impairment listed in the relevant regulation. 20 CFR Part 404, subpart P, App. 1; 20 CFR § 404.1520(a)(4)(iii). In the fourth step, the Commissioner must determine whether the claimant has sufficient "residual functional capacity" to perform his or her past work. 20 CFR § 404.1520(a)(4)(iv). If so, the claimant is not "disabled" and the claim must be denied. Id. The claimant has the burden of proving that he or she is unable to perform past relevant work. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, he or she has presented a prima facie case of disability. Id. In the fifth step of the analysis, the burden shifts to the Commissioner to establish that the claimant can perform other substantial gainful work. 20 CFR § 404.1520(a)(4)(v). Otherwise, the claimant will be found disabled. Id.

## III. DISCUSSION

### A. The SSA's determination was based on substantial evidence

Plaintiff argues in her motion that the ALJ's determination was not based on substantial evidence because he "relied on reports from a doctor who did not perform a thorough examination of Ms. Poe and failed to consider [her] treating physician's assessment[.]" Mem. P. & A. at 3. However, as discussed below, it was Plaintiff's burden to produce such evidence, and her failure to do so does not undermine the substantiality of the other evidence the ALJ considered in making his decision.

A district court may overturn the SSA's decision to deny benefits only if it is not supported by substantial evidence or if the decision is based on legal error. Andrews, 53 F.3d at 1039. As concerns the substantiality of evidence, more weight should be given to the opinion of a treating doctor than to that of a non-treating doctor, and more weight should be given to the opinion of an examining doctor than to that of a non-examining doctor. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining doctor. Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Pitzer, 908 F.2d at 506. Even if the opinion of a treating or examining doctor is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983); Andrews, 53 F.3d at 1043.

In his decision, the ALJ performed the statutory five-step evaluation described in the regulations accompanying the Social Security Act and based his determinations at each step on the reports of doctors Pierce and Bai, who directly evaluated Ms. Poe, along with the findings of the DDS physicians, testimony of vocational expert Dr. Wong, and the ALJ's own in-court observation of Ms. Poe. AR 18-19.

Furthermore, the ALJ did not "reject" the conclusion of a treating physician – no such opinion was before him. Ms. Poe's attorney, at the August 8, 2007 hearing, stated that she hoped to submit the treating physician's RFC assessment and other records within two weeks of the hearing. AR 264. The ALJ held open the administrative record for an initial 30 days, and upon a request from Plaintiff to extend the deadline to September 28, 2007, the ALJ permitted submissions until November 5, 2007 – nearly three months after the hearing. Despite these accommodations, Plaintiff never provided the ALJ with the treating physician records whose absence Plaintiff now argues renders the other evidence unsubstantial. As such, this case is distinguishable from those cited by Plaintiff. In Lester v. Chater, the ALJ rejected the opinion of both a treating physician and an examining psychologist and provided

no well-supported reasons for doing so. 81 F.3d 821, 832-33 (9th Cir. 1995). Likewise, in Orgeta v. Chater, the district court reversed the denial of benefits because the ALJ completely disregarded the uncontradicted opinion of the Plaintiff's sole treating physician, which was included in the record. 933 F.Supp. 1071, 1074-76 (S.D. Fla. 1996). Even had Dr. Mapara's reports been before the ALJ, their conclusions were contrary to the manifest weight of evidence in the record – there is no reason to believe that consideration of the reports would have produced a different result.

Relying, as he did, on the opinion of two examining doctors, DDS physicians, a vocational expert, and the records provided him, the ALJ based his conclusion on far more than a "mere scintilla" of evidence. Andrews, 53 F.3d at 1039. Analysis of the ALJ's determination in light of the applicable evidentiary standard supports granting summary judgment in favor of Defendant.

**B. Plaintiff's new evidence does not warrant remand**

Pursuant to the Social Security Act, courts may remand a case to the agency upon a showing of "new evidence which is material . . . and good cause for the failure to incorporate the evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The Supreme Court has explained that the type of evidence that will warrant remand is evidence that was "not available to the claimant at the time of the administrative proceeding and that [] might have changed the outcome of the prior proceeding." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).

In her Motion, Poe seeks remand to the Commissioner of Social Security to consider a 2010 report by Dr. Mapara, one of Poe's treating physicians.[1] As discussed below, however, the new evidence Poe offers is not material and Poe has shown no good cause for the failure to include it in the administrative record below.

//

[1]None of Dr. Mapara's reports were ever before the ALJ; however, according to Plaintiff, Dr. Mapara's 2007-2009 reports were submitted to the Appeals Council while her application for review was pending. Mem. P. & A. at 2.

**1. The evidence is not material**

"Material evidence" is that which bears "directly and substantially on the matter in dispute." Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001). The Ninth Circuit also requires the claimant show that there is a "reasonable possibility that the new evidence would have changed the outcome of the administrative proceeding." Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984).

Plaintiff seeks remand to the SSA to consider a report by Dr. Mapara dated March 19, 2010 indicating that Ms. Poe had been unable to work for 12 months or more. See Mem. P. & A., Ex. A. It is unclear to what extent the conclusion of the report is even relevant to the ALJ's determination that Plaintiff was not disabled prior to December 12, 2007 – the report was generated years after the decision. Furthermore, there was already substantial evidence before the ALJ which formed the basis of his determination – all of which directly contradicts Dr. Mapara's conclusion that Poe is unable to work. Thus there is no "reasonable possibility" that this evidence, in light of its dubious relevance, would have produced a different outcome in the administrative proceeding. Booz, 734 F.2d at 1380-81. Accordingly, Dr. Mapara's 2010 report is not "material" to the SSA's decision below.

**2. The Plaintiff has not shown good cause**

Evidence warranting remand must not only be "material," but the claimant must also show good cause for the failure to include the evidence in the administrative record. As discussed above, Dr. Mapara's report is not material. However, even if it were, Plaintiff has not shown good cause.

In general, the "good cause" standard is applied liberally in cases where no prejudice to the Secretary would result. Burton v. Heckler, 724 F.2d 1415, 1417-18 (1984). However, a claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied – to remand under those circumstances would render the good cause element "meaningless." Key v. Heckler, 754 F.2d 1545, 1551 (quoting Allen v. Sec'y of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984)).

To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier. Mayes, 276 F.3d at 463; see Melkonyan v. Sullivan, 501 U.S. at 98; Key, 754 F.2d at 1551. If the report was not unavailable, the claimant must at least establish good cause for not having sought the opinion earlier. Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990).

Poe's new evidence does not meet the "good cause" standard on these facts. The report was not "unavailable" in any meaningful sense at the time of the hearing – it simply did not yet exist. Additionally, her only argument that the standard has been met is that her attorney failed to obtain the report soon enough to present it at the hearing. Mem. P. & A. at 5. However, as the record reveals, the ALJ held the administrative record open for nearly three months following the hearing to allow Plaintiff to submit additional medical evidence – an adequate period of time to obtain a report from Poe's treating physician. Plaintiff offers no argument whatsoever to explain the delay in having obtained the report, or how a report from 2010 bears on a determination from 2007. Therefore, the new evidence submitted fails both the tests for materiality and for good cause.

## IV. CONCLUSION

Because the SSA's determination was based on substantial evidence, and Plaintiff has failed to show that there is new material evidence and good cause for its prior exclusion, the Court DENIES Plaintiff's Motion for Summary Judgment or for Remand, and GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: March 31, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE